UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MARY G. WILLIAMS-JORDAN,           CASE NO. 3:09 CV 2864

      Plaintiff,                                    CHIEF JUDGE JAMES G. CARR

      v.

                                              OPINION AND ORDER

WALTER T. MYERS, et al.,

      Defendants.

Plaintiff *pro se* Mary G. Williams-Jordan filed this case against Walter T. Myers and Robin T. Myers, identified as "statutory agents for the True Church of God of the Apostolic Faith (the "True Church")," on December 10, 2009. The complaint alleges plaintiff was the wife of the late Bishop Eli Berry Williams, Sr., the founder of the True Church. It is further alleged that defendants changed the constitution and bylaws of the True Church to "assert themselves," and that defendants "have no rights or permission to change, remove or rearrange any part of the constitution ... ." Plaintiff asserts jurisdiction based on "28 U.S.C. § 1955," and appears to seek injunctive relief.

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented. *Beaudette*, 775 F.2d at 1278. To do so would "require ... the courts to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id.

Even liberally construed, the complaint does not contain allegations reasonably suggesting a basis for this court's jurisdiction. The statute cited by plaintiff does not exist in the

United States Code. Further, there is no indication of diversity of citizenship jurisdiction, nor any suggestion of a federal question before the court. This action is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999)

Accordingly, this action is dismissed for lack of subject matter jurisdiction.

In light of this ruling, Defendants' Motion to Dismiss and for Sanctions is denied as moot.

IT IS SO ORDERED.


S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT